UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Edward Almonte,**  Civil No. 05-410 (ADM/SRN)

  **Petitioner,**

v. REPORT AND
  RECOMMENDATION

**Lisa J.W. Hollingsworth,**

  **Respondent.**

___

Edward Almonte, Pro Se, on behalf of Petitioner.

William Koch, Esq., on behalf of Respondent.

___

SUSAN RICHARD NELSON, United States Magistrate Judge

  The above-entitled matter comes before the undersigned United States Magistrate Judge on Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner claims that he did not receive proper credit for time that he was in custody before he was sentenced in federal court. Respondent has filed a response to the petition, urging the denial and dismissal of the petition on several grounds, discussed *infra*.

**I. BACKGROUND**

  At the time he filed his petition, Petitioner was a federal prisoner (Register Number 08915-052) incarcerated at the Bureau of Prisons (BOP) Federal Correctional Institution in Sandstone, Minnesota.[1] (Buege Decl., ¶ 3, Public Information Data, Attach. A to Respondent's

___

[1] Petitioner currently is incarcerated at the Federal Correctional Institution in Petersburg, Virginia. Although Petitioner is no longer a prisoner in this District, jurisdiction in this District pursuant to 18 U.S.C. § 2241 was proper in the first instance, therefore, Petitioner's transfer does

Response to Petition.) He is serving a 168-month sentence, followed by five years of supervised release, imposed by the Honorable Denise L. Cote of the United States District Court, Southern District of New York, for conspiracy to distribute and possession with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846. (Id.) He has a projected release date of December 12, 2009, with Good Time Credit release. (Id.)

Petitioner has several prior criminal convictions in the state of New York involving drugs. Officials in New York County arrested Petitioner on August 31, 1994, for third-degree attempted criminal sale of a controlled substance. ((Frederiksen Decl. ¶ 5, Attach. B to Respondent's Response to Petition, Presentence Investigation Report (PSI).) In December 1994, Petitioner was arrested by Bronx County officials for criminal seventh-degree possession of a controlled substance. (Id.) On January 18, 1995, Petitioner received a one-year sentence in the New York County case. (Id.) He completed service of his state sentence on September 29, 1995. (Id., Attach. C to Respondent's Response to Petition, Inmate Movement History Log.)

On May 6, 1998 officials in Montgomery County arrested Petitioner for fifth-degree criminal sale of a controlled substance. (Frederiksen Decl. ¶ 6, Attach. B to Respondent's Response to Petition.)

On August 26, 1998, while in state custody awaiting prosecution on the controlled substance charge, Petitioner was "borrowed" from primary state custody pursuant to a writ of *habeas corpus ad prosequendum* for prosecution in federal court for conspiracy. (Frederiksen Decl. ¶ 7, Attach. D, United States Marshals Service Prisoner Tracking System Form.) On September 24, 1998, a federal grand jury indicted Petitioner and co-defendants on a conspiracy

---

not divest this Court of jurisdiction. See McCoy v. United States Board of Parole, 537 F.2d 962, 966-67 (8th Cir. 1976).

charge to distribute and possess with intent to distribute more than one kilogram of heroin and more than fifty grams of cocaine base.

Back in the state court system, Petitioner was convicted in December 1998 for the fifth-degree drug charge. (Frederiksen Decl. ¶ 6, Attach. B.) The court deferred sentencing, pending the outcome of sentencing in the federal drug conspiracy case. (Id.)

On January 14, 1999, Petitioner pled guilty to the federal conspiracy charge pursuant to a plea agreement. On September 10, 1999, he received a 168-month term of imprisonment for that conviction. (Frederiksen Decl. ¶ 7, Attach. E, Judgment in a Criminal Case.)

Petitioner returned to state custody on November 9, 1999. (Id., Attach. G, United States Marshals Service Prisoner Tracking System Form.) On March 29, 2000, he received a state sentence from forty-two months to seven years' imprisonment, with prior custody credit from August 16, 1997- March 28, 2000. (Frederiksen Decl. ¶ 6, Attach. B.)

In December 2000, Petitioner was simultaneously paroled from his state sentence and taken into federal custody. (Frederiksen Decl. ¶ 8, Attach. H, Division of Parole Letter dated 2/25/02; Attach. G.) On January 25, 2001, Petitioner arrived at the United States Penitentiary, Allenwood, Pennsylvania. (Id., Attach. E at 2.)

On July 31, 2001, the regional director of the BOP issued an order to have Petitioner's federal sentence run concurrently, rather than consecutively, with the state narcotic sentence imposed on March 29, 2000. (Frederiksen Decl. ¶ 7, n. 2, Attach. F, *Nunc Pro Tunc* Order of 7/31/01.)

BOP records indicate that Petitioner has exhausted his administrative remedies concerning the sentence calculation issues raised in his petition. (Buege Decl. ¶ 4, Attach. B, Administrative Remedy Generalized Retrieval Data.) On February 24, 2005, Petitioner applied

to the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.)

## II.    PARTIES' POSITIONS

Petitioner contends that he is entitled to a one-year credit for time served while in state custody in 1995. He notes that his federal conviction charged him with participating in a conspiracy occurring from approximately 1992-1996 and argues that his 1995 state court incarceration was for offenses that comprised the same course of conduct as the federal charge. Petitioner further contends that if the trial court had properly applied the United States Sentencing Guidelines, (specifically U.S.S.G. 5G1.3), his current sentence would have been reduced by one year.[2] (Petitioner's Petition at 3-6.) Through his petition, he asks the Court to order the Bureau of Prisons (BOP) to award him the credit, or in the alternative, for this Court to award the credit directly.

Respondent contends that Petitioner's claims pertain to the <u>trial court's imposition</u> of his sentence, and should be summarily denied without being addressed on the merits, because those sentence-imposition claims cannot properly be entertained in a § 2241 habeas corpus proceeding. Further, Respondent argues that the terms of Petitioner's federal plea agreement precluded any right to seek an adjustment in his sentence, as Petitioner expressly waived such right. Respondent acknowledges that Petitioner has exhausted his available administrative remedies as to the claims pertaining to <u>the BOP's implementation</u> of his sentence. Those claims, Respondent contends, should be denied on the merits.

---

[2]Specifically, he refers to arrests in August and December 1994 on drug charges, for which he received a sentence on January 18, 1995 of one year imprisonment for the attempted sale of a controlled substance and 90 days for possession of a controlled substance, running concurrently.

### III.   DISCUSSION

As a threshold matter, Respondent argues that Petitioner waived any right to seek an adjustment in his sentence in his plea agreement, in which he agreed to a sentencing range of 168-210 months:

> The parties agree that neither a downward nor an upward departure from the stipulated Guideline range set forth above is warranted.  Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein.  Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court sua sponte consider such a departure or adjustment.

(Ex. A to Respondent's Response to Petition.)  The applicability of this argument has force mainly in the context of a 28 U.S.C. § 2255 habeas petition challenging the imposition of a sentence.   In the context of a § 2241 habeas motion – the statute under which the instant petition was brought –  waiver seems inapposite.  It would be difficult for a defendant to waive his or her future right to challenge the execution or implementation of a sentence, as a defendant could not foresee how the BOP might compute a sentence, for example.  In any event, the Court does not find Respondent's waiver argument dispositive of this matter and addresses the § 2241 claim on the merits.

### A.   The BOP's Alleged Sentence-Implementation Error

After a prison sentence has been imposed by a federal court, the BOP must determine how much credit the prisoner should receive for any time spent that he may have spent in custody before being sentenced.  United States v. Wilson, 503 U.S. 329, 333-35 (1992).  This is part of the BOP's responsibility for executing, implementing and enforcing prison sentences that are imposed by federal courts.  In the computation of a federal sentence, two separate decisions are made: (1) when the federal sentence commences, and (2) to what extent the defendant can

receive credit for time spent in custody prior to the commencement of the sentence. Chambers v. Holland, 920 F.Supp. 618, 621 (M.D. Pa. 1996); United States v. Smith, 812 F.Supp. 368, 370 (E.D.N.Y. 1993). For offenses committed on or after November 1, 1987, as is the case here, determinations regarding the commencement of a federal sentence are governed by 18 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b).

As to the commencement of a federal sentence, § 3585(a) provides:

> "A sentence to a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

Pursuant to 18 U.S.C. § 3585(a), a federal sentence commences when the defendant is received by the Attorney General for service of the federal sentence. Reno v. Koray, 515 U.S. 50, 58 (1995); Kendrick v. Carlson, 995 F.2d 1440, 1444 (8th Cir. 1993). The sovereign that first arrests an offender, here, New York, retains primary jurisdiction over the offender unless New York releases the offender through bail release, dismissal of charges, parole release, or expiration of the first sentence. United States v. Cole, 395 F.3d 929, 931 (8th Cir. 2005); United States. v. Dowdle, 217 F.3d 610, 611 (8th Cir. 2000).

Accordingly, the federal sentence in this case commenced when New York relinquished primary jurisdiction over Petitioner and he was received in federal custody on December 12, 2000. (Frederiksen Decl. ¶ 8, Attach G to Respondent's Response to Petition.) Nevertheless, in July 2001, Petitioner did receive credit against his federal sentence when a *Nunc Pro Tunc* Order was issued by the BOP Regional Director after receiving no objection from the federal sentencing court. The Order designated that Petitioner's federal sentence run concurrently, rather than consecutively, with a later state narcotic sentence imposed on March 29, 2000.

(Frederiksen Decl. ¶ 7, n. 2, Attach. F to Respondent's Response to Petition.) This allowed Petitioner's federal sentence to begin on the date of imposition, September 10, 1999, even though he was under the primary jurisdiction of the state of New York at that time and was not received into federal custody until December 12, 2000. (Id.)

Petitioner contends that because his state offense conduct occurred in 1994, and his federal offense conduct was committed between 1992 and November 19, 1996, that he should receive credit for his state sentence against his federal sentence, as the state sentence may have been part of the federal conspiracy. The imposition of sentencing for the applicable state offenses occurred on January 18, 1995.

The Court disagrees with Petitioner's argument. First, even if his state offense were part of the federal conspiracy offense, a *Nunc Pro Tunc* Order, i.e., one that has retroactive legal effect, cannot be granted to start his federal sentence on January 18, 1995, as a federal sentence cannot commence any earlier than the date of its imposition – in this case, September 10, 1999. There is no overlap between his old state sentence imposed on January 18, 1995, and his current federal sentence imposed on September 10, 1999, because the 1995 state sentence was completed well before the federal sentence was imposed.

Second, Petitioner is not entitled to any federal credit for time served for his 1995 state sentence because he has already received credit for this period of time from the State of New York. (Frederiksen Decl. ¶ 9.)

As to prior custody credit, 18 U.S.C. § 3585(b) provides as follows:

> "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was

>   imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>   <u>that has not been credited against another sentence</u>."

(Emphasis added.) Because Petitioner received credit for time served toward his 1995 state sentence, he cannot also be awarded that same credit on his federal sentence. If that occurred, he would be receiving "double credit," i.e., credit toward a federal sentence that has already been applied to a state sentence. The Eighth Circuit has held that the awarding of double credit is contrary to § 3585(b). <u>United States v. Kramer</u>, 12 F.3d 130, 132 (8th Cir. 1993) (federal prisoner not entitled to credit on a federal sentence when he received credit toward his state sentence for that same time period), <u>cert. denied</u>, 511 U.S. 1059 (1994); <u>McIntyre v. United States</u>, 508 F.2d 403, 303 (8th Cir. 1975), <u>cert. denied</u>, 422 U.S. 1010 (1975).

### B.   **The Trial Court's Alleged Sentence-Imposition Errors**

Petitioner has also challenged his sentence on additional grounds that are wholly unrelated to any act or omission by the BOP. He claims that his sentence was invalid from the outset because "the district Court rejected and/or refused to grant a departure for the discharged term of imprisonment" in accordance with § 5G1.3 of the sentencing guidelines. (Petitioner's Petition at 3, n. 2.)

Respondent contends that these claims cannot be adjudicated in the present § 2241 habeas corpus action, because they pertain to the imposition of Petitioner's sentence by the trial court, rather than the execution of his sentence by the BOP. Respondent argues that this Court does not have jurisdiction over Petitioner on this issue, but rather, only the sentencing court, in this case, the Southern District of New York, has jurisdiction. The Court agrees.

8

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to § 2255.  The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, <u>to the court which sentenced him</u>, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

(28 U.S.C. § 2255) (emphasis added).

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.  No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" <u>DeSimone v. Lacy</u>, 805 F.2d 321, 323 (8th Cir. 1986) (<u>per curiam</u>), quoting 28 U.S.C. § 2255.  <u>See also</u>, <u>Thompson v. Smith</u>, 719 F.2d 938, 940 (8th Cir. 1983) ("a federal prisoner's challenge to the validity of his sentence must be addressed to the committing court unless he can show that such a motion is inadequate or ineffective to test the legality of his detention").

The complicating factor here is that while Petitioner has styled his petition as a § 2241 habeas petition, the heart of his petition concerns misapplication of the sentencing guidelines, which relate to his trial court proceedings, rather the BOP's execution, implementation or enforcement of Petitioner's sentence.  Petitioner correctly notes that matters of internal prison administration are reviewable under the general habeas statute, § 2241. (Petitioner's Reply Mem. at 7.)  Petitioner's legal argument, however, is based on application of the United States

Sentencing Guidelines and what constituted the "relevant conduct" underlying his federal conspiracy offense. Such a determination was the province of the trial court in imposing Petitioner's sentence. Therefore, Petitioner's claims are subject to § 2255's exclusive remedy rule, and they cannot be entertained in this § 2241 habeas corpus proceeding.

Petitioner could try to raise his sentence-imposition claims in a § 2255 motion to the trial court, but he would face two formidable hurdles if he did that. First, he probably would be procedurally barred from raising his sentence-imposition claims in a § 2255 motion, because it appears that he could have raised them in a direct appeal, but failed to do so. See United States v. Frady, 456 U.S. 152, 164-65 (1982) (relief is generally not available under § 2255 for claims that could have been raised on direct appeal but were not). Second, any § 2255 motion that Petitioner might now attempt to file probably would be barred by the one-year statute of limitations applicable to such motions. See 28 U.S.C. § 2255[¶ 6]; 28 U.S.C. § 2244(d).

Even though it appears that Petitioner is now barred from raising his sentence-imposition claims in a § 2255 motion, he cannot argue that the remedy provided by § 2255 has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. A federal prisoner cannot circumvent the procedural restrictions on § 2255 motions by simply seeking relief under § 2241 instead of § 2255. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of

limitations and/or grace period to expire") (citations omitted).³ See also United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir. 2002) (describing the "inadequate or ineffective remedy" exception as a "narrowly-circumscribed 'safety valve'"), cert. denied, 537 U.S. 869 (2002).

In sum, Petitioner's claims pertaining to the sentence imposed by the trial court must be brought before that court in a § 2255 motion. Petitioner cannot avoid § 2255's exclusive remedy rule and challenge his sentence in a § 2241 habeas corpus action, even though he may no longer be able to bring his claims under § 2255. To the extent that Petitioner is challenging anything that occurred in the trial court, habeas corpus relief under § 2241 is simply not available. These claims relating to the imposition of his sentence by the trial judge should therefore be denied without prejudice.

While the Court would otherwise address any arguments relating to the BOP's execution, implementation or enforcement of Petitioner's sentence under § 2241, the Court cannot find any legal argument in the petition, supported by facts, concerning these issues. To the contrary, the BOP correctly calculated Petitioner's sentence based on when Petitioner was received into federal custody. In addition, the BOP did not award Petitioner a "double credit" for time served, in accordance with 18 U.S.C. 3585(b). Thus, to the extent that Petitioner seeks relief pursuant to

---

³ Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

§ 2241, his petition should be dismissed with prejudice.

## IV. CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner is not entitled to relief on any of the claims that he has attempted to raise here. Petitioner's claims challenging the BOP's calculation and implementation of his sentence must be denied on the merits, because the BOP has acted just as Congress has mandated in 18 U.S.C. § 3585(b). It will therefore be recommended that Petitioner's claims pertaining to the calculation and implementation of his sentence be dismissed with prejudice. Petitioner's other claims, challenging his conviction and sentencing in the trial court, cannot be raised in a § 2241 habeas corpus petition. It is recommended that those sentence-imposition claims be dismissed without prejudice, even though it appears that a motion under § 2255 would have little chance of succeeding.

**THEREFORE, IT IS HEREBY RECOMMENDED tha**t:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Doc. No. 1), be **DENIED and DISMISSED WITH PREJUDICE** as to all claims challenging the execution of Petitioner's current sentence, and be **DENIED and DISMISSED WITHOUT PREJUDICE** as to all claims challenging Petitioner's sentencing in the trial court.

Dated: March 17, 2006.

                s/Susan Richard Nelson
                SUSAN RICHARD NELSON
                United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by **April 3, 2006**, after being served with a copy thereof.  The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.