UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Edward Almonte,

        Petitioner,

   v.

Lisa J. W. Hollingsworth,

        Respondent.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 05-410 ADM/SRN

_____

Edward Almonte, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Edward Almonte's ("Petitioner") Objections [Docket No. 15] to Magistrate Judge Susan Richard Nelson's Report and Recommendation ("R&R") [Docket No. 14] of March 17, 2006.  The Magistrate Judge recommends that Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1] be denied and dismissed with prejudice as to all claims challenging the execution of Petitioner's current sentence, and be denied and dismissed without prejudice as to all claims challenging the imposition of sentence in the trial court.  Petitioner claims that he was denied credit for time previously served at the time of his federal sentencing; or alternatively, that he was denied credit by the Bureau of Prisons for time served prior to the commencement of his federal sentence.  The factual background of this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections.  For the reasons set forth below, the Objections are overruled, and the R&R is adopted.

## II. DISCUSSION

A.     **Standard of Review**

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

B.     **Jurisdiction**

Petitioner filed a 28 U.S.C. § 2241 habeas petition on February 22, 2005 while a prisoner at the Federal Correctional Institution in Sandstone, Minnesota. This Court is not divested of jurisdiction to consider his Petition even though he has subsequently been transferred to the Federal Correctional Institution in Petersburg, Virginia. See McCoy v. U.S. Bd. of Parole, 537 F.2d 962, 966 (8th Cir. 1976).

Although Petitioner's Petition cites 28 U.S.C. § 2241, Judge Nelson correctly concludes that the Petition also includes claims cognizable only under 28 U.S.C. § 2255. R&R at 8-10 (discussing Petitioner's claims that the trial court erred by not crediting time served as part of the sentence). Petitioner argues that prior time served that was not credited at the time of his sentencing should now be credited to his federal sentence by this Court. Even though Petitioner characterizes this issue as one for "jail time credit," it is nonetheless a challenge to the imposition of sentence by the trial judge. The jurisdiction for such a claim is in the sentencing court as a motion for relief under 28 U.S.C. § 2255. See Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983) (a federal prisoner's challenge to the validity of his sentence must be addressed

to the committing court unless he can show that such a motion is inadequate or ineffective to test the legality of his detention).

Therefore, all claims made by Petitioner pertaining to the sentence imposed by the sentencing court must be denied and dismissed without prejudice, as this Court is without jurisdiction to consider them. Further, the R&R correctly notes that Petitioner is likely to be either procedurally barred or time barred from filing a motion pursuant to 28 U.S.C. § 2255. R&R at 10.

**C.     Jail Time Credit**

Petitioner objects generally to Judge Nelson's recommendation that he is not entitled to jail time credit against his federal sentence for time served while in state custody in New York prior to his federal sentence. Objections at 2-3. The R&R correctly details the actions of the Bureau of Prisons with regard to their computation of the date on which Petitioner's federal sentence commenced, and the extent to which Petitioner was eligible to receive credit against his federal sentence for time spent in custody in New York prior to the commencement of the federal sentence. R&R at 5-6. Moreover, the R&R also correctly notes that it would contravene the proscription against double crediting in 18 U.S.C. § 3585(b) to award Petitioner additional jail time credit against his federal sentence because he already received that same jail time credit against his state sentence. See United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), citing McIntyre v. United States, 508 F.2d 403, 404 (8th Cir. 1975) (federal prisoner not entitled to credit on a federal sentence when he received credit toward his state sentence for that same time period). As such, Petitioner's § 2241 claims must fail.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's R&R [Docket No. 14] is **ADOPTED**;

2. Petitioner's Objections [Docket No. 15] are **OVERRULED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED and DISMISSED WITH PREJUDICE** as to all claims pertaining to the execution of Petitioner's current sentence; and

4. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED and DISMISSED WITHOUT PREJUDICE** as to all claims pertaining to Petitioner's sentencing by the trial court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 26, 2006.